Commonwealth, Appellant, *v.* Pritchett.

402

Argued June 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Jeffrey Philip Paul,* Assistant District Attorney, with him *James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Leonard Sosnov,* Assistant Defender, with him *Jonathan Miller* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellee.

OPINION BY SPAETH, J., November 16, 1973:

This appeal by the Commonwealth raises several issues concerning when the Commonwealth must disclose the identity of an informant as an aid to a defendant in the preparation of his defense.

Defendant was charged with felonious possession and sale of narcotics. Evidence in support of the charges was presented at a preliminary hearing before the Honorable Paul A. Dandridge. Pennsylvania State Trooper Edward I. Bowers testified that on May 28, 1971, an informant named "Louie" introduced him to defendant and told defendant that Bowers wanted to buy drugs. Bowers had had no previous encounters with either Louie or defendant (nor did he have any subsequent encounters). Bowers, Louie, and defendant drove around North Philadelphia until defendant spotted a potential seller, an unidentified (and unapprehended) man who was wearing work clothes and a yellow hard hat. An agreement was reached. Defendant turned the money Bowers had given him over to the seller and received in return a plastic bag that he immediately handed to Bowers. Defendant then left. The bag contained only twenty-one packets of drugs,

which was four less than Bowers had expected. The seller handed Bowers one more bag; this was after defendant had gone. Defendant was given neither bags nor money for his role in the transaction.

Before trial, defendant's counsel filed a motion for production of the informant's full name and address. At a hearing before the Honorable Curtis C. Carson, Jr., counsel introduced in support of the motion the notes of testimony at the preliminary hearing. No other testimony was presented. Counsel argued that the informant's identity would be helpful in preparing an entrapment defense. The Commonwealth countered that the proper time for disclosure was at trial. The Commonwealth also maintained that since Bowers did not specifically say at the preliminary hearing where Louis was during the transaction, there was insufficient evidence to prove that he had been an eyewitness. The motion judge, however, concluded from a reading of the notes that Louie had been present and that pretrial disclosure of his full name and address would aid defendant in the preparation of his defense and was required by considerations of fairness. He ordered disclosure and granted the Commonwealth a stay of thirty days in which to appeal to this court.

Five days later the Commonwealth requested the judge to reconsider his decision and to allow it to put Bowers on the stand. The Commonwealth argued that Bowers would supply "new evidence" on whether the informant was present. Defendant's counsel argued that whether the informant was present was irrelevant since there was an issue of entrapment. The judge agreed and refused to hear the Commonwealth's proffered evidence. When counsel for the Commonwealth said that the name of the informant would not be supplied and that the case might as well be dismissed, the judge did dismiss it.

We affirm the decision of the court below in respect to each of the Commonwealth's claims.

## Disclosure when the informant is not an eyewitness

The motion judge found that the informant was an eyewitness to the illegal transaction. Yet it is implicit in his refusal to receive further evidence that he considered disclosure to be required even if the informant were not present since entrapment was a defense on which defendant might rely at trial. The Commonwealth contends that this conclusion was erroneous and urges us to hold that in no event must there be disclosure where the informant was not an eyewitness to the crime with which the defendant is charged.

The leading Pennsylvania case is *Commonwealth v. Carter*, 427 Pa. 53, 233 A. 2d 284 (1967). The facts of *Carter* are similar to the facts of the present case: An informant introduced an undercover agent to the defendant and an illegal drug sale took place, with the informant an eyewitness. Another agent watched the sale from a half block away. The agents' identifications of the defendant were based solely on the single meeting. The defendant raised a mistaken identity defense at trial and asked the trial judge to require that the name and address of the informant be disclosed. The judge refused. Relying on *Roviaro v. United States*, 353 U.S. 53 (1957), our Supreme Court held that disclosure should have been required.

In *Roviaro*, as in *Carter*, the informant was an eyewitness to the illegal transaction. Yet neither *Roviaro* nor *Carter* suggests that immediate presence is a *sine qua non* to disclosure. Rather each case adopts a balancing test that rejects any fixed rule such as the Commonwealth urges upon us:

". . . Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and

helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege [of non-disclosure held by the prosecution] must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the case.

"*We believe that no fixed rule with respect to disclosure is justifiable.* The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the *possible* defenses, the *possible* significance of the informer's testimony and other relevant factors." *Commonwealth v. Carter,* supra, at 53, 233 A. 2d at 287, quoting *Roviaro v. United States, supra* at 60-62. (Emphasis added.)*

Other courts, in applying the *Roviaro* balancing test, have required disclosure of the identity of an informant who was an active participant in the events preceding an illegal transaction, though not an eyewitness, upon a showing that his testimony may be useful in the establishment of an entrapment defense. *See, e.g., Lopez-Hernandez v. United States,* 394 F. 2d 820 (9th Cir. 1968) (informant arranged meeting between customs agent and the defendant; participated in negotiations) ; *Gilmore v. United States,* 256 F. 2d 565 (5th Cir. 1958) (informant active in setting stage, creating and continuing an atmosphere of confidence by close presence).** *Cf. United States ex rel. Drew v. Myers,*

---

*Carter* added one further consideration that should be weighed in the balance: whether there are neutral witnesses who can testify about facts crucial to the guilt of the accused. *Id.* at 61-62, 233 A. 2d at 288.

** These cases are to be distinguished from those which hold that the identity of a "mere informer" "who only supplies a 'lead'

327 F. 2d 174 (3d Cir. 1964), cert. denied, 379 U.S. 847 (1964) (disclosure required where informant made contact with the defendant, conversed with him immediately before the transaction, and was only ten feet from the spot where it occurred). Distinguish *United States v. Russ*, 362 F. 2d 843 (2d Cir. 1966) (no disclosure where informant was not present during negotiations between officer and the defendant after arranging meeting and no reason for disclosure was given).

Applying the test mandated by *Roviaro* and *Carter*, we cannot say as a matter of law that the motion judge erred when he ordered disclosure of the identity of an informant, where an entrapment defense might be raised at trial, and the informant (if not an eyewitness) was at least an active participant in the events leading up to the illegal transaction.

## Sufficiency of the Evidence

The Commonwealth next argues that there was insufficient evidence to support the motion judge's findings that disclosure would be "relevant and helpful" to the defense and that it was "essential to a fair determination" of the case. *Commonwealth v. Carter, supra* at 53, 233 A. 2d at 287.

The defendant has the burden of producing evidence in support of his motion for disclosure. A mere allegation that the informant's testimony might be helpful will not suffice. *See, e.g., State v. Dotson*, 260 La. 471, 256 So. 2d 594 (1972) ; *Lannom v. United States*, 381 F. 2d 858 (9th Cir. 1967), *cert. denied*, 389 U.S. 1041

---

to law enforcement officers for their investigation of the crime," *United States v. Gordon*, 438 F. 2d 858, 876 (5th Cir. 1971), need never be disclosed. *See, e.g., Jimenez v. United States*, 397 F. 2d 271 (5th Cir. 1968) ; *United States v. Gibbs*, 435 F. 2d 621 (9th Cir. 1970). Such a rule is not applicable to the present case; we therefore do not decide, but leave open, whether we approve it.

(1968). However, the defendant cannot be expected to predict exactly what the informant would say on the stand. Rather, in keeping with *Roviaro and Carter*, "all the defendant must show is a reasonable possibility that the anonymous informer could give evidence that would exonerate him." *Price v. Superior Court*, 1 Cal. 3d 836, 463 P. 2d 721, 83 Cal. Rptr. 369 (1970). This means that where the defendant asserts the possibility of entrapment, he should present, in support of his contention that the informant may exculpate him, facts relating directly to the two elements of the entrapment defense, *i.e.*, "(1) a defendant not disposed to commit the crime, and also (2) conduct likely to entrap the innocently disposed." *Commonwealth v. Conway*, 196 Pa. Superior Ct. 97, 104, 173 A. 2d 776 (1961). *See United States v. Waters*, 288 F. Supp. 952 (D. Mass. 1968).

We must agree with the Commonwealth that Trooper Bowers's testimony at the preliminary hearing (a transcript of which, it will be recalled, was presented at the hearing on the motion) was ambiguous. The trooper testified that although defendant wanted only the informant to accompany him while he made the purchase, he went along because he had the money. Later, however, he testified that the informant was not present when the purchase was made. He referred to acts that occurred after defendant had left the scene as having been done by himself and others, for example counting the bags purchased, but he did not specify who the others were. This ambiguity, however, is not to the Commonwealth's advantage, for it might have been cleared up had the Commonwealth presented the trooper at the hearing on the motion. Instead, the Assistant District Attorney contented himself with saying to the motion judge, "I don't know whether he [the informant] was at the actual sale or not. He apparently introduced them and he could have gotten lost or

something."* Moreover, even if the trooper's testimony did not establish that the informant was an eyewitness, it did establish that the informant was an active participant.

Such proof of participation will not alone suffice as a factual basis for disclosure because it does not specifically relate to the elements of the entrapment defense. The record, however, discloses other evidence. Evidently defendant was not paid for his services, either in money or in drugs; he seems to have functioned merely as a go-between. Moreover, the first seller he looked for could not be found, and a further search through the city had to be made. Thus there was ample time for the informant and the trooper to induce defendant to commit a crime he had no incentive to commit; and in view of the difficulties experienced in finding a seller, it might be inferred that there was such inducement. Given the inferences that can be drawn from the facts, the findings of the motion judge that disclosure would be relevant and helpful to the defense, and that it was required by considerations of fairness, are supported by sufficient evidence.

### Pretrial Disclosure

Finally, we hold that it was proper for the motion judge to order disclosure in advance of trial.

Pretrial discovery in criminal cases is governed by Pa. R. Crim. P. 310. In resisting pretrial disclosure in the present case, the Commonwealth relies upon the provision of Rule 310 that, although there must be discovery of statements made by the defendant, "[n]o other

---

*We reject the Commonwealth's contention that the motion judge's later refusal to reopen the record to permit the trooper to testify constituted an abuse of discretion. The Commonwealth offered no reason why the trooper had not been called when the hearing was held; more important, it did not make an offer of proof, only saying that the trooper would offer "new evidence."

discovery or inspection [may] be ordered except upon proof by the defendant, after hearing of exceptional circumstances and compelling reasons."

There is some question whether Rule 310 applies to the disclosure of the names of potential witnesses at all. *Commonwealth v. Jackson*, 224 Pa. Superior Ct. 280, 283-284 n. 2, 303 A. 2d 519, 521 (1973). We need not decide that question here, for in any event, a motion judge's conclusion that disclosure of an informant's identity is necessary and essential to a fair trial is tantamount to a finding that there are "exceptional circumstances and compelling reasons" within Rule 310. Such an exception to a rule generally prohibiting discovery is required where disclosure is based upon considerations of fairness that have constitutional dimensions. *See* ABA Project on Standards for Criminal Justice, Discovery Procedure Before Trial, §2.6(b) (1970) (non-disclosure of informant's identity appropriate if it will not infringe the constitutional rights of the accused); *Roviaro v. United States, supra* at 65 n. 15. Thus, we find Rule 310 no bar to pretrial disclosure of an informant's identity.

Pretrial disclosure is certainly preferable to disclosure at some point during trial, when tracking the informant down, questioning him to see if he may be useful, and verifying any information he supplies, may require a delay in the proceedings or a continuance. As for the possibility that the informant may be injured or killed before trial if his identity is revealed in advance, disclosure should be denied or special precautions ordered if the Commonwealth makes "an affirmative and convincing showing of exceptional circumstances or compelling reasons." *Lewis v. Lebanon Court of Common Pleas*, 436 Pa. 296, 303, 260 A. 2d 184, 188 (1969).

Requiring a defendant who seeks disclosure before trial to indicate in some detail his possible defenses does not violate his constitutional right to remain silent

as guaranteed by the Fifth and Fourteenth Amendments. *Cf. Williams v. Florida,* 399 U.S. 78 (1970) (upholding the constitutionality of the Florida notice of alibi rule). Because we do not require a defendant to say precisely what his defense is, the Commonwealth does not necessarily acquire evidence that can be used against the defendant, but if it does, the disclosure of the informant's identity works a fair exchange. *See Wardius v. Oregon,* 412 U.S. 470, 42 U.S.L.W. 4804 (1973) (reciprocal discovery constitutionally required for alibi rule to be valid). In addition, the defendant should be free to forego the presentation of the defense at trial without any comment or adverse effect, especially since the informant may prove to be unhelpful and the defense impossible to establish. *See United States v. Waters, supra* (defendant on stand at pretrial disclosure hearing, testimony specifically inadmissible at trial).

The order of the court below is affirmed.

JACOBS, J., concurs in the result.

WRIGHT, P. J., and WATKINS, J., dissent.