651 A.2d 1127

**COMMONWEALTH of Pennsylvania**

v.

**Darryl F. WASHINGTON, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 26, 1994.

Filed Dec. 29, 1994.

132

John P. McBlain, Media, for appellant.

William R. Toal, III, Asst. Dist. Atty., Havertown, for Commonwealth, appellee.

Before WIEAND, McEWEN and SAYLOR, JJ.

134

WIEAND, Judge:

Darryl F. Washington was tried by jury and was found guilty of possession of a controlled substance, possession of a controlled substance with intent to deliver and possession of drug paraphernalia. Post-trial motions were denied, and Washington was sentenced to serve an aggregate term of imprisonment for not less than eight (8) months nor more than forty-two (42) months. On direct appeal from the judgment of sentence, Washington argues that: (1) the cocaine seized by police from his vehicle should have been suppressed because there was neither probable cause nor exigent circumstances to justify a warrantless search, nor did he voluntarily give consent for the police to search the vehicle; (2) any incriminating statements which he made to police should have been suppressed because he was not given prior *Miranda* warnings; and (3) the trial court erred by refusing to order disclosure of the identity of the confidential informant who had provided information to police. After careful review, we affirm the judgment of sentence.

In reviewing the ruling of a suppression court, this Court:

'must determine whether the factual findings are supported by the record. When it is a defendant who has appealed, we must consider only the evidence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. Assuming that there is support in the record, we are bound by the facts as are found and we may reverse the suppression court only if the legal conclusions drawn from those facts are in error.'

*Commonwealth v. Whitney*, 511 Pa. 232, 239–240, 512 A.2d 1152, 1156 (1986), quoting *Commonwealth v. Cortez*, 507 Pa. 529, 532, 491 A.2d 111, 112 (1985), *cert. denied*, 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985).

So viewed, the evidence introduced at appellant's suppression hearing was summarized in the trial court's post-trial opinion as follows:

On the evening of April 3, 1992, Officer Richard Gibney of the Darby Borough Police Department was conducting a routine surveillance of Cook's Bar, known to be an area of high drug activity in the borough. The officer recognized defendant from prior contact with him at the same location. As the result of Officer Gibney's habit of checking the active warrant list in the police station every few days, he realized Mr. Washington had outstanding warrants. The record does not reflect for what offenses these warrants were issued. Officer Gibney also had two-day old information from a reliable, confidential informant that defendant was once again transporting illegal drugs by vehicle through Darby Borough. Further, Officer Gibney knew that defendant had a federal civil rights action pending against numerous Darby Borough police officers. (That action has now been resolved in favor of the police officers.)

Officer Gibney noticed defendant exit Cook's Bar, enter an automobile and drive away. He pursued defendant and defendant stopped the car several blocks away from Cook's Bar. During pursuit, Officer Gibney observed defendant toss an object into the back seat of the car he was driving. Also during pursuit, Officer Gibney radioed his backup, Officer Daryl Guy of the Darby Borough Police Department, for assistance during the stop.

Once defendant stopped his car, he got out and spoke to Officer Gibney demanding to know what this was all about. Officer Gibney informed him that he had outstanding warrants and that he was the suspect of an active drug investigation due to information the police had recently received. By this time, Officer Guy had arrived at the scene and overheard defendant say, "Well, search me, search my car. I don't care. I don't have anything." Both officers testified that this was the gist of what defendant yelled in a state of rage when, in response to defendant's question, the officers told him he was being stopped for outstanding warrants and narcotics investigation. Officer Gibney advised defendant that he was under arrest for the outstanding warrants. Previously, Officer Gibney had informed Officer Guy that he

observed defendant toss an object into the back seat. Officer Guy searched the car and found a small plastic car with a brown bag protruding from it on the back seat. Officer Guy inspected the plastic car and removed the paper bag from inside it. The paper bag contained forty-five vials of a controlled substance. Subsequent laboratory testing confirmed the vials contained cocaine.

According to both officers, once defendant observed Officer Guy locate the vials, he blurted out words to the effect, "I'm just trying to help my kid. I'm just trying to support my kid." Both officers also testified that nothing was done or said to elicit this incriminating statement from defendant.

Trial Court Opinion at pp. 2–3. Based upon these facts, the trial court concluded that appellant had voluntarily consented to the search of his vehicle.

■■■■ "Where the driver of a vehicle is arrested pursuant to a warrant, the validity of a warrantless search of the automobile depends upon the officer's reasonable belief, i.e., probable cause, that its contents offend the law. The right to arrest alone does not determine the permissibility of the search." *Commonwealth v. Mason,* 427 Pa.Super. 243, 254, 628 A.2d 1141, 1147 (1993). However, "one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S.Ct. 2041, 2043–2044, 36 L.Ed.2d 854, 858 (1973). With respect thereto, the Superior Court has observed:

It is well settled that if a person voluntarily consents to a search, evidence found as a result of that search is admissible against him. See: *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). See also: *Commonwealth v. Latshaw,* 481 Pa. 298, 303, 392 A.2d 1301, 1304 (1978), *cert. denied,* 441 U.S. 931, 99 S.Ct. 2050, 60 L.Ed.2d 659 (1979); *Commonwealth v. Boyer,* 455 Pa. 283, 286, 314 A.2d 317, 318 (1974); *Commonwealth v. Walsh,* 314 Pa.Super. 65, 73, 460 A.2d 767, 771 (1983). The consent, however, must be "given freely, specifically, unequivocally, and voluntarily." *Commonwealth v. Mamon,* 449 Pa. 249,

255, 297 A.2d 471, 475 (1972). See also: *Commonwealth v. Harris,* 429 Pa. 215, 221, 239 A.2d 290, 293 (1968); *Commonwealth v. Lowery,* 305 Pa.Super. 66, 74, 451 A.2d 245, 248–249 (1982). "[T]he question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte, supra,* 412 U.S. at 227, 93 S.Ct. at 2047–2048, 36 L.Ed.2d at 862–863. See also: *Commonwealth v. Hubbard,* 472 Pa. 259, 274–275, 372 A.2d 687, 693–694 (1977); *Commonwealth v. Smagala,* 383 Pa.Super. 466, 474, 557 A.2d 347, 350 (1989); *Commonwealth v. Elliott,* 376 Pa.Super. 536, 553, 546 A.2d 654, 662 (1988). The burden of proving a valid consent to search rests upon the Commonwealth. *Commonwealth v. Griffin,* 232 Pa.Super. 163, 167–168, 336 A.2d 419, 421 (1975). See also: *United States v. Sebetich,* 776 F.2d 412, 424 (3d Cir.1985), *cert. denied,* 484 U.S. 1017, 108 S.Ct. 725, 98 L.Ed.2d 673 (1988); *Commonwealth v. Woods,* 240 Pa.Super. 72, 75, 368 A.2d 304, 306 (1976); *Commonwealth v. Tribblett,* 242 Pa.Super. 164, 167, 363 A.2d 1212, 1213 (1976).

*Commonwealth v. Bagley,* 408 Pa.Super. 188, 201, 596 A.2d 811, 817 (1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 606, 121 L.Ed.2d 541 (1992).

 The fact that a defendant has been placed under arrest and that he has not been informed of his constitutional rights, although factors which must be considered, do not constitute per se a barrier to a finding that consent to search was voluntarily given. See: *Commonwealth v. Mason, supra* 427 Pa.Super. at 256, 628 A.2d at 1148; *Commonwealth v. Danforth,* 395 Pa.Super. 1, 19–21 and n. 11, 576 A.2d 1013, 1022–1023 and n. 11 (1990) (en banc), *affirmed,* 532 Pa. 152, 615 A.2d 308 (1992); *Commonwealth v. Mancini,* 340 Pa.Super. 592, 603–604, 490 A.2d 1377, 1383–1384 (1985). See also: *United States v. Watson,* 423 U.S. 411, 424, 96 S.Ct. 820, 828, 46 L.Ed.2d 598, 609 (1976) ("[T]he fact of custody alone has never been enough in itself to demonstrate a coerced confession or consent to search."). "The question of whether an

arrested individual has voluntarily consented to a search 'is one of fact which must be determined in each case from the totality of the circumstances.' " *Commonwealth v. Elliott*, 376 Pa.Super. 536, 553, 546 A.2d 654, 662 (1988), quoting *Commonwealth v. Walsh*, 314 Pa.Super. 65, 74, 460 A.2d 767, 771 (1983).

In the instant case, upon being stopped by police, appellant inquired as to the reason for his being stopped. When told that there were warrants outstanding for his arrest and that he was the subject of a drug investigation, appellant angrily told the police that they could search his vehicle. There was no request by police to conduct a search, nor is there any evidence that appellant was coerced in any way. The police had lawful reason to stop appellant's vehicle; and, thereafter, they merely responded to appellant's inquiry as to why he was being detained. Under these circumstances, we agree with the trial court that appellant acted voluntarily when he told police that they could search his vehicle. Therefore, the trial court did not err when it refused to suppress the cocaine seized by police from appellant's vehicle.

There also is no merit in appellant's contention that his statements to police should have been suppressed because he was not first warned of his *Miranda* rights. "*Miranda* warnings are necessary only on those occasions when a suspect is undergoing actual 'custodial interrogation.' " *Commonwealth v. Fento*, 363 Pa.Super. 488, 492, 526 A.2d 784, 786 (1987). " 'Interrogation' is police conduct 'calculated to, expected to, or likely to evoke admission.' " *Commonwealth v. Brantner*, 486 Pa. 518, 527, 406 A.2d 1011, 1016 (1979), quoting *Commonwealth v. Simala*, 434 Pa. 219, 226, 252 A.2d 575, 578 (1969). See also: *Commonwealth v. Whitehead*, 427 Pa.Super. 362, 368, 629 A.2d 142, 145 (1993). "Where there is absent any notion of interrogation, the statement is classified as a volunteered statement, gratuitous and not subject to suppression for lack of warnings." *Commonwealth v. Whitley*, 500 Pa. 442, 445, 457 A.2d 507, 508 (1983). See also: *Commonwealth v. Boone*, 467 Pa. 168, 174–175, 354 A.2d 898, 901

(1975); *Commonwealth v. Rodgers,* 413 Pa.Super. 498, 518, 605 A.2d 1228, 1238 (1992). "It is well settled that a spontaneous utterance, unsolicited by the police, is admissible." *Commonwealth v. Hughes,* 536 Pa. 355, 368, 639 A.2d 763, 769–770 (1994). See also: *Commonwealth v. Clark,* 454 Pa. 329, 335, 311 A.2d 910, 913 (1973).

■ Instantly, although appellant was in police custody at the time he made statements explaining his possession of the cocaine found in his vehicle, it is clear from the record that his statements were wholly unsolicited and not in response to any police interrogation. Rather, as soon as the police had located the cocaine concealed in a toy plastic car on the back seat of appellant's vehicle, he immediately volunteered statements explaining that he was only selling the cocaine to help support his child. These statements were not preceded by any police questioning, nor did the police otherwise attempt to elicit an incriminating response from appellant. Thus, because police did not interrogate appellant, they were not required to inform him of his *Miranda* rights. Gratuitous remarks made by appellant were not subject to being suppressed.

■ In addition to filing a pre-trial suppression motion, appellant sought to discover the identity of the confidential informant who had told police that he was transporting drugs through the Borough of Darby. The Pennsylvania courts have recognized a qualified privilege with respect to confidential informants which "permits the Commonwealth 'to refrain from disclosing the identity of an informer' and 'limits the prosecution's duty to make available to the defense the names and whereabouts of all material eyewitnesses.'" *Commonwealth v. Speaks,* 351 Pa.Super. 149, 159, 505 A.2d 310, 315 (1986), quoting *Commonwealth v. Carter,* 427 Pa. 53, 55–56, 233 A.2d 284, 285 (1967). Regarding this privilege, it has been said that:

There is no fixed rule with respect to disclosure of an informant. "The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a

proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors." *Commonwealth v. Carter,* 427 Pa. 53, 59, 233 A.2d 284, 287 (1967), quoting *Roviaro v. United States,* 353 U.S. 53, 60–62, 77 S.Ct. 623, 627–628, 1 L.Ed.2d 639, 645–46 (1957). See also: *Commonwealth v. Pritchett,* 225 Pa.Super. 401, 406, 312 A.2d 434, 437 (1973). Before disclosure of an informant's identity will be required, "... more is necessary than a mere assertion by the defendant that such disclosure might be helpful in establishing a particular defense.... Although the defendant plainly cannot be expected to show that such information will actually be helpful to his defense, the record should at least suggest a reasonable possibility that the information might be helpful, so that it would be unfair to withhold it." *Commonwealth v. Herron,* 475 Pa. 461, 466–67, 380 A.2d 1228, 1230 (1977). See also: *Commonwealth v. Pritchett, supra,* 225 Pa.Super. at 407–08, 312 A.2d at 438.

*Commonwealth v. Knox,* 273 Pa.Super. 563, 568, 417 A.2d 1192, 1194 (1980).

In discussing situations which might compel the disclosure of an informant's identity the Superior Court has observed:

Before the Commonwealth will be forced to reveal an informant's identity, there must be some showing that revelation is necessary. For example, the informant's identity may be necessary to the defense where the evidence against the defendant proceeds solely from the testimony of police officers, and the only relatively neutral eyewitness to the crime is the informant. See *Commonwealth v. Carter,* 427 Pa. 53, 233 A.2d 284 (1967). Other situations where the informant's identity would be helpful are where the defendant alleges entrapment or where there is an identification issue. See *Commonwealth v. Williams,* [236 Pa.Super. 184, 345 A.2d 267 (1975)].

*Commonwealth v. McGinn,* 251 Pa.Super. 170, 173, 380 A.2d 431, 433 (1977) (en banc). "Conversely, when an informant

has not been an eyewitness to and has no firsthand knowledge of the criminal transaction at issue, the need for disclosure is greatly reduced." *Commonwealth v. Mickens,* 409 Pa.Super. 266, 275, 597 A.2d 1196, 1201 (1991). Ultimately, the decision as to whether or not to order disclosure of an informant's identity is within the discretion of the trial court. *Commonwealth v. Bonasorte,* 337 Pa.Super. 332, 355, 486 A.2d 1361, 1374 (1984) (en banc). In exercising its discretion, the trial court should "weigh the proof offered by the defendant against the government's privilege to withhold the identity of the informant." *Commonwealth v. Bonasorte, supra.*

■ After careful review, we conclude that the trial court did not abuse its discretion. The informant in this case was not an eyewitness to the events for which appellant was being prosecuted. Moreover, appellant has made no showing that the testimony of the informant would have been relevant and helpful to any particular theory of defense. Rather, appellant has merely alleged that the informant's identity may have been helpful to challenge the credibility of the police officers concerning the existence of any confidential informant and the validity of the information provided. In response to a similar argument, the Superior Court has stated:

> Of course, if the only "evidence" produced at the suppression hearing is a defendant's bald assertion (e.g., that the informant does not exist or that the affiant misrepresented information conveyed by informant), then the defendant has failed to meet his threshold burden. In such a situation, since the evidence is clearly insufficient, the suppression court has no reason, or need, to balance the evidence before it against the government's privilege. *Commonwealth v. Williams,* [236 Pa.Super. 184, 345 A.2d 267 (1975) ].

*Commonwealth v. Bonasorte, supra* 337 Pa.Super. at 356, 486 A.2d at 1374. Without any reasonable basis for believing that the informant's identity would have been helpful to the defense, there are no grounds for disturbing the trial court's exercise of its discretion in refusing to compel disclosure of the identity of the informant.

The judgment of sentence is affirmed.