663 A.2d 775

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Kenneth HRITZ, Appellant.**

Superior Court of Pennsylvania.

Argued June 15, 1995.

Filed Aug. 18, 1995.

Xavier Hayden, West Conshohocken, for appellant.

Mary M. Killinger, Executive Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before POPOVICH, JOHNSON and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Montgomery County following appellant's convictions on charges of possession with intent to deliver marijuana, possession of marijuana and possession of drug paraphernalia. Appellant contends that the lower court erred in denying his request to compel production of the confidential informant. We affirm.

The record reveals that on June 29, 1993, Detective Sherman Nowlin of the Montgomery County Narcotics Enforcement Team and other police officers executed a search warrant at appellant's residence. Appellant was present when the warrant was executed, and the search uncovered 1.28 kilograms of marijuana, $27,500.00 in cash, a scale, a paging device and various items of illegal contraband.

On May 11, 1994, appellant filed a motion to disclose the identity of the confidential informant. In that motion, appellant alleged, in pertinent part, as follows:

3. [Appellant] avers that this informant provided false information to the police in material parts which is contained in the Affidavit of Probable Cause.

4. The aforesaid confidential informant is a white male, whose actual identity is unknown to [appellant] and whom at all times relevant repeatedly and continuously through coercive means, engaged in a course of conduct to involve [appellant] in drug activity on or about to June 29, 1993.

5. This coercive activity by the confidential informant consisted of numerous phone calls as well as other coercive efforts by the informant to involve [appellant] in illegal activity.

6. The [appellant's] sole defense in this case is entrapment.

7. The aforesaid unidentified confidential informant at all times relevant was working under the direction and control of the Montgomery County Detectives. He is a material and critical witness who will provide material and favorable testimony for the defense in this case.

"Motion to Produce Confidential Informant" at 1–2.

On June 1, 1994, the lower court held a hearing on the aforementioned motion. At that hearing, the following exchange occurred in regard to appellant's offer of proof to compel the identity of the confidential informant:

ASSISTANT D.A.: Since the first argument to be heard then is on the motion to produce confidential informant, I call the Court's attention to Rule 305 relating to discovery. And it would appear that it is then [defense counsel's] burden to prove under Rule 305 that this information is necessary. So, I don't know he intends to do that, but that is the first step.

THE COURT: All right.

DEFENSE COUNSEL: I have no problem with that. I would just call Detective Nowlin, I guess, then.

ASSISTANT D.A.: Offer of proof.

DEFENSE COUNSEL: To establish what I intend to establish, that there is a reasonable possibility under the case law, reasonable probability, that the production of this informant is necessary to the defense of this case, both with regard to the search and seizure warrant, as well as with regard to the entrapment.

THE COURT: I will let you call him. But I don't know ...

ASSISTANT D.A.: I don't think we get that far, Judge. I think that there is case law clearly, even dealing with entrapment defenses, that you need an offer of proof that says why we need to do it.

DEFENSE COUNSEL: I just gave my offer of proof. My offer of proof is—I will repeat it again—is that this information was acting under the direction and control of the Montgomery County Detectives throughout this investigation relating to [appellant]; therefore, he was an agent of the Commonwealth, number one.

Number two, that this confidential informant engaged in repeated and continuous coercive conduct, contacts with [appellant], coercive influence with [appellant], had certain conversations that only he and [appellant] were privy to.

ASSISTANT D.A.: How would Detective Nowlin know anything about it?

DEFENSE COUNSEL: He has to—

ASSISTANT D.A.: It would be hearsay.

DEFENSE COUNSEL: I was going to call him to establish the fact that the informant was working under the direction and control of the Detectives. Okay.

But to finish my offer of proof, the offer of proof that I am giving is that this informant's testimony in court and the production of this informant would be essential to the presentation of the defense in this case.

I mean, that is what my offer of proof is.

ASSISTANT D.A.: He has got to say how.

DEFENSE COUNSEL: I just said how.

ASSISTANT D.A.: There are plenty of cases that go into much more detail than [defense counsel] says and it has been rejected.

\* \* \* \* \* \*

THE COURT: After discussing this with counsel, I grant you an exception, [assistant district attorney], but I will permit him to call Detective Nowlin to come up, ... under [*Commonwealth v. Herron*, 475 Pa. 461, 380 A.2d 1228 (1977)].

Hearing N.T. 6/1/94 at 6–8 (counsel's titles added for clarification purposes).

Detective Nowlin then took the stand and recounted the following events: In February of 1993, the informant telephoned the detective and told him about a drug-related conversation he had with appellant at a bar. Hearing N.T. 6/1/94 at 11–12. The informant worked under the direction and control of Detective Nowlin in other cases prior to February of 1993. Hearing N.T. 6/1/94 at 11. From February, 1993, to June 1993, the informant had numerous contacts with appellant. Hearing N.T. 6/1/94 at 17–24.[1] During those contacts, law enforcement personnel were not present, and the conversations were not recorded by a body wire or any type of electronic device. Hearing N.T. 6/1/94 at 12–13, 15, 16, 17, 18–19, 20. The informant was paid for his services by Detective Nowlin and stood to make more money with more contacts. Hearing N.T. 6/1/94 at 20–21.[2]

On June 10, 1994, the court below entered an order which denied appellant's motion to produce the confidential informant. On June 21, 1994, the parties stipulated to a non-jury

---

1. The record is not clear as to the number of contacts between the informant and appellant from February, 1993 to June, 1993. The lower court found that Detective Nowlin testified as to four (4) contacts. Trial Opinion at 3. Herein, appellant argues that there were at least ten (10) contacts between the informant and appellant during that period. Appellant's Brief at 13. We note that appellant declined to cross-examine Detective Nowlin, Hearing N.T. 6/1/94 at 24, and thus failed to probe into this factual question.

2. At the hearing on June 1, 1994, Detective Nowlin was the only person to testify.

trial and agreed to incorporate the notes of testimony from the preliminary hearing on October 18, 1993, to establish the facts of the case. Trial N.T. 6/21/94 at 2. The trial court found appellant guilty and sentenced him to a term of imprisonment of one (1) to two (2) years on the charge of possession with intent to deliver marijuana.[3]

On June 30, 1994, appellant filed a motion for judgment of acquittal. Appellant contended that the lower court erred in denying his request to produce the confidential informant on the ground that it improperly analyzed the entrapment question by applying the subjective test, i.e., indicia of defendant's predisposition to commit the crime. On August 15, 1994, the court below heard oral arguments on appellant's post-sentence motion. On October 26, 1994, the lower court, sitting en banc, heard rearguments and on November 22, 1994, entered an opinion and an order that denied the motion for judgment of acquittal. On December 21, 1994, appellant filed a notice of appeal.

The trial court has the discretion to order disclosure of an informant's identity. *Commonwealth v. Washington*, 438 Pa.Super. 131, 140, 651 A.2d 1127, 1132 (1994), citing *Commonwealth v. Bonasorte*, 337 Pa.Super. 332, 355, 486 A.2d 1361, 1374 (1984) (en banc). *See Commonwealth v. Jennings*, 428 Pa.Super. 297, 304, 630 A.2d 1257, 1261 (1993) (disclosure of a confidential informant is a discovery matter wherein the trial court is given discretion under Pa.R.Crim.P. 305B(2), 42 Pa.C.S.A.). "Where the confidential informant is not a witness to the incident at issue, the defendant must show that the Commonwealth's disclosure of the identity of the informant is '(1) material to his defense; (2) reasonable; and (3) in the interests of justice.'" *Commonwealth v. Ross*, 424 Pa.Super. 570, 574, 623 A.2d 827, 829 (1993), quoting *Commonwealth v. Redmond*, 395 Pa.Super. 286, 300, 577 A.2d 547, 553 (1990), *appeal dismissed*, 528 Pa. 601, 600 A.2d 190 (1992); *Common-*

---

3. Appellant was also sentenced to one (1) year probation on the charge of possession of marijuana and one (1) to two (2) years probation on the charge of possession of drug paraphernalia. All of the sentences ran concurrently.

*wealth v. Bonasorte, supra.* *See* Pa.R.Crim.P. 305B(2)(d), 42 Pa.C.S.A.[4]

It is important to note that the Rule [Pa.R.Crim.P. 305B(2)(d) ] speaks in terms of a showing *by the defendant.* These conditions cannot be assumed, and they must be supported by evidence on the record. It is in this context that the evidence presented at the hearing must be examined to determine whether the defendant met his burden.

*Commonwealth v. Novasak,* 414 Pa.Super. 21, 32, 606 A.2d 477, 483 (1992), *alloc. denied,* 532 Pa. 662, 616 A.2d 984 (1992), quoting *Commonwealth v. Iannaccio,* 505 Pa. 414, 424, 480 A.2d 966, 971 (1984), *cert. denied,* 474 U.S. 830, 106 S.Ct. 96, 88 L.Ed.2d 78 (1985) (Zappala, J., opinion in support of affirmance) (emphasis in original).

Herein, appellant raises two points of error in the lower court's assessment of whether his offer of proof was sufficient to require the disclosure of the informant. First, appellant asserts that the court below improperly examined his offer of proof under the subjective standard, i.e., defendant's predisposition to commit the crime, rather than under the objective standard, i.e., conduct of the police. Second, appellant argues that his offer of proof was sufficient under application of the latter standard.

In its evaluation of appellant's discovery request, the lower court directed its attention to the analysis espoused by our

4. In the case at bar, appellant was charged with possession with intent to deliver marijuana, possession of marijuana and possession of drug paraphernalia. Those crimes stemmed from the search of his residence on June 29, 1993. *The informant was not present during that search.* Consequently, we conclude that the informant was not a witness to the incident at issue. Compare *Commonwealth v. Washington,* 438 Pa.Super. at 140–41, 651 A.2d at 1132 (informant was not an eyewitness to the events for which defendant was being prosecuted); *Commonwealth v. Bonasorte,* 337 Pa.Super. at 349, 486 A.2d at 1370 n. 12. (defendant was charged with crimes following the execution of a search warrant; informant was not a percipient witness where he was not present during the search). *See Commonwealth v. Payne,* 540 Pa. 54, 656 A.2d 77 (1994) (supreme court distinguishes cases where informer provides probable cause for the issuance of a search warrant from non-warrant cases where informer is a material witness to the commission of the crime).

supreme court in *Commonwealth v. Herron*, 475 Pa. 461, 380 A.2d 1228 (1977). In *Herron*, the defendant was charged with selling marijuana to an undercover police officer. An informant introduced the undercover police officer to the defendant. The informant was not present when the defendant and the police officer made arrangements for the drug transaction. *Id.* at 461–65, 380 A.2d at 1228–29. In support of his entrapment defense, the defendant sought the identity of the informant. Defense counsel made the following offer of proof:

"I believe [informant] might offer evidence that the entire plan and format as to how this entire purchase was to be set up was made between the informant and this Police Officer in advance; that the conversations between [defendant] and [informant] may have been much more by predesign; that [informant] may have well been told by this Officer that he was to tell [defendant] certain things to induce the sale, that is, as to where he worked, who he was, who he knew, that sort of thing."

*Id.* at 464, 380 A.2d at 1229.

There, our supreme court recognized that disclosure of an informant's identity "calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.*, quoting *Commonwealth v. Carter*, 427 Pa. 53, 59, 233 A.2d 284, 287 (1967), quoting *Roviaro v. United States*, 353 U.S. 53, 62, 77 S.Ct. 623, 628–29, 1 L.Ed.2d 639 (1957). To ensure that the balancing of interests was not thwarted, our supreme court in *Herron* determined that a defendant shouldered the following burden:

[B]efore disclosure of an informer's identity is required in the face of the Commonwealth's assertion of privilege, more is necessary than a mere assertion by the defendant that such disclosure might be helpful in establishing a particular defense. To hold otherwise would be to disregard the *Roviaro* balancing test announced and applied in those decisions. See also *Commonwealth v. Garvin*, 448 Pa. 258, 293 A.2d 33 (1972). Although the defendant plainly cannot be expected to show that such information will actually be helpful to his defense, the record should at least suggest a

reasonable possibility that the information might be helpful, so that it would be unfair to withhold it. *Herron,* 475 Pa. at 466–67, 380 A.2d at 1230 (footnote omitted).

"This means that where the defendant asserts the possibility of entrapment, he should present, in support of his contention that the informant may exculpate him, facts relating directly to the two elements of the entrapment defense, i.e., '(1) a *defendant not disposed to commit the crime, and also (2) conduct likely to entrap the innocently disposed.*' " *Id.* at 468, 380 A.2d at 1231 (emphasis in original) (citations omitted), quoting *Commonwealth v. Pritchett,* 225 Pa.Super. 401, 407–8, 312 A.2d 434, 438 (1973).

Our supreme court found that the proof offered by the defendant, in support of his request to disclose the identity of the informant, was speculative and completely lacking in specificity. *Herron,* 475 Pa. at 467–69, 380 A.2d at 1231. Our highest court then held, "[s]ince there was no basis in either the evidence or the offer for such a conclusion, we cannot conclude that the trial judge erred in determining that disclosure would be neither relevant nor helpful and that it was thus not unfair to withhold it." *Id.* at 469, 380 A.2d at 1232.

In the case at bar, the lower court determined that the *Herron* decision was instructive as to the offer of proof a defendant must establish to disclose an informant's identity. However, the court below found that a defendant need not provide facts to demonstrate that he was not disposed to commit the crime, and specifically rejected this as a requirement. Trial Opinion 11/22/94 at 8.

■ Our research reveals that Pennsylvania appellate courts have not expressly held that the offer of proof for disclosure of an informer's identity is limited to the application of the objective test, i.e., circumstances of police conduct, where the defendant asserts an entrapment defense. We observe that our supreme court in *Herron* required application of the subjective test, in addition to the objective test, because the crime in that case occurred before the effective date of 18 Pa.C.S.A. § 313. *See id.* at 468, 380 A.2d at 1231 n. 2. Under

that statute, the subjective test is not considered in the analysis of entrapment. In light of our supreme court's decision in *Commonwealth v. Weiskerger/Clapps,* 520 Pa. 305, 554 A.2d 10 (1989), our courts have fervently embraced the objective standard to analyze entrapment questions. *See Commonwealth v. Lucci,* 443 Pa.Super. 1, 662 A.2d 1 (1995). Because the subjective standard has been discounted by our courts, we conclude that the offer of proof for disclosure of an informer's identity must be examined solely by applying the objective standard where the defendant raises an entrapment defense.

From our view of the trial court's opinion, we conclude that the court confined its assessment of the offer of proof under the objective standard. Thus, we find without merit appellant's contention that the lower court improperly employed the subjective standard in its analysis.

Our inquiry now focuses upon the question of whether the proof offered by appellant was sufficient under the objective test to compel disclosure of the informant's identity. Does "the record ... at least suggest a reasonable possibility that the information might be helpful, so that it would be unfair to withhold it."? *Herron,* 475 Pa. at 467, 380 A.2d at 1230. Appellant "should present, in support of his contention that the informant may exculpate him, facts relating directly to ... conduct likely to entrap the innocently disposed." *Id.* at 468, 380 A.2d at 1231.

"In exercising its discretion, the trial court should 'weigh the proof offered by the defendant against the government's privilege to withhold the identity of the informant.'" *Commonwealth v. Washington,* 438 Pa.Super. at 141, 651 A.2d at 1132, quoting *Commonwealth v. Bonasorte,* 337 Pa.Super. at 355, 486 A.2d at 1374. *See Commonwealth v. Eicher,* 413 Pa.Super. 235, 257–58, 605 A.2d 337, 348 (1992), *appeal denied,* 533 Pa. 598, 617 A.2d 1272 (1992) (trial court did not abuse its discretion in denying defendant's motion to compel disclosure of the informant's identity where defendant possessed no concrete nor specific evidence to corroborate his entrapment

defense). "[T]he proper focus of our analysis must concern whether [defendant] provided the court of common pleas with enough factual data to justify granting the discovery request." *Commonwealth v. Novasak,* 414 Pa.Super. at 33, 606 A.2d at 483. "Before an informant's identity may be revealed, the defendant must lay an evidentiary basis or foundation that the confidential informant possesses relevant information that will *materially aid* the defendant in presenting his or her defense and that the information is not obtainable from another source." *Commonwealth v. Payne,* 540 Pa. at 64, 656 A.2d at 81 (Castille, J., concurring) (emphasis in original) (citations omitted).

■   Herein, we find that appellant's offer of proof in support of his discovery request lacked specificity and concreteness. Appellant maintains that the informant, who worked for the Commonwealth on a contingency basis, initiated numerous contacts with him from February, 1993 to June, 1993. During those contacts, appellant alleges that the informant coerced and pestered him into obtaining and selling marijuana. Appellant completely fails to provide any facts that describe the nature and manner by which he was influenced by the informant. Compare *Commonwealth v. Ross,* 424 Pa.Super. 570, 623 A.2d 827 (1993), *appeal denied,* 537 Pa. 639, 644 A.2d 162 (1994) (offer of proof specifically alleged that informant assured defendant that since defendant had a legal prescription for dilaudid pills, the sale of these pills was not against the law). Appellant presents merely broad and speculative allegations. Further, the testimony presented by Detective Nowlin at the hearing on June 1, 1994, does not substantiate appellant's claim that the informant pressured him into unlawful activity. Indeed, the record is devoid of a foundation to suggest a reasonable possibility that the informant's identity might be helpful to appellant's entrapment defense. Hence, we hold that the lower court did not abuse its discretion in denying appellant's motion to produce the confidential informant.

Having scrutinized appellant's claims and finding them to be without merit, we, accordingly, affirm the judgment of sentence.

Judgment of sentence affirmed.