623 A.2d 827

**COMMONWEALTH of Pennsylvania**

v.

**Jerry L. ROSS, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 26, 1993.

Filed April 19, 1993.

Alan Berman, Pittsburgh, for appellant.

Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before TAMILIA, HUDOCK and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from judgment of sentence entered on May 6, 1992 for possession of a controlled substance with intent to deliver and delivery of a controlled substance.[1] Appellant, Jerry Ross, presents the following issues for our review: (1) whether the trial court erred in denying appellant's pre-trial motion to compel disclosure of the confidential informant; and (2) whether the trial court erred in sentencing appellant to a mandatory two-year term of imprisonment pursuant to 18 Pa.C.S.A. § 7508(a)(2)(i). For the reasons set forth below, we affirm.

The relevant facts are as follows. On January 8, 1991, a confidential informant brought appellant's name to the attention of Detective Barry Fox of the Pittsburgh Police Department. The informant told Detective Fox that he had known appellant for several months and that he could get appellant to

1. 35 P.S. § 780–113(a)(30).

make sales of Dilaudid to an undercover officer. Detective Fox agreed to use the informant to set up these sales. In exchange for his services, the informant was to be paid for each sale he was able to arrange between appellant and the undercover officer.

As a result of Detective Fox's undercover operation, appellant made sales of Dilaudid to the undercover officer on January 9, 14, 23, and 28, 1991 and May 15, 1991. The informant arranged and was present at the sales made on January 9, 14 and 23, 1991. Although the informant was not present at the sales made on January 28 and May 15, 1991, appellant testified that prior to each transaction, he was contacted by the informant who encouraged appellant to make the sales to the undercover officer. Detective Fox, however, testified that the informant had no contact with the police regarding the sales of January 28 and May 15.

On May 16, 1991, appellant was charged with five counts each of possession, possession with intent to deliver and delivery of a controlled substance. On November 6, 1991, appellant filed a pre-trial motion to compel disclosure of the identity of the Commonwealth's confidential informant. This motion was heard and denied by the lower court on March 23, 1992. A trial by jury was held and on March 25, 1992, the jury returned a verdict finding appellant guilty of one count of possession with intent to deliver and one count of delivery as to the May 15, 1991 transaction. Post-trial motions were filed and denied. On May 6, 1992, appellant was sentenced to a mandatory term of two-to-five-years imprisonment and a fine of five thousand dollars for delivery of Dilaudid.[2] Subsequently, appellant filed a motion to modify sentence which was denied. This timely appeal followed.

Appellant first contends that the trial court improperly denied his pre-trial motion to compel disclosure of the identity of the confidential informant. We disagree.

It is well-settled that the Commonwealth has a qualified privilege "to refrain from disclosing the identity of an inform-

---

2. The conviction for possession with intent to deliver merged with the conviction for delivery for the purposes of sentencing.

er. . . ." *Commonwealth v. Carter*, 427 Pa. 53, 55, 233 A.2d 284, 285 (1967). *See* Pa.R.Crim.P. 305 B(2)(d). Where the confidential informant is not a witness to the incident at issue, the defendant must show that the Commonwealth's disclosure of the identity of the informant is "(1) material to his defense; (2) reasonable; and (3) in the interests of justice." *Commonwealth v. Redmond*, 395 Pa.Super. 286, 300, 577 A.2d 547, 553 (1990), *appeal dismissed*, 528 Pa. 601, 600 A.2d 190 (1991); *Commonwealth v. Bonasorte*, 337 Pa.Super. 332, 355, 486 A.2d 1361, 1374 (1984). Once such a showing is made by the defendant, it is within the discretion of the trial court to determine whether the circumstances require production of the informant. *Bonasorte* at 355, 486 A.2d at 1374. *See* Pa.R.Crim.P. 305 B(2)(d).

■ The first requirement in support of a petition to compel disclosure of a confidential informant is that the defendant demonstrate that production of the informant is material to his defense. In the instant action, appellant asserts that production of the informant is necessary to support his entrapment defense.

In establishing the defense of entrapment, a defendant must show the following:

*(a) General rule.*—A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:

(1) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or

(2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.

18 Pa.C.S.A. § 313(a).

In the case at bar, the informant was paid by the police to arrange Dilaudid sales between appellant and an undercover

officer. A total of five sales took place over a period of five months. The Commonwealth contends that as the informant was not in contact with the police in setting up the May 15 sale, the informant's testimony has no bearing on appellant's defense.[3] However, appellant testified that immediately prior to the May 15 sale, the informant called appellant, encouraged him to contact the undercover police officer to set up a sale and told appellant the amount to be sold and the price to be paid. Moreover, the May 15 sale occurred after five months of interaction between appellant and the informant. Appellant alleges that during this period of time, the informant continually persuaded appellant to sell his Dilaudid pills and assured appellant that since he had a legal prescription for the pills, selling them was not against the law. Accordingly, we find that the testimony of informant was material to appellant's defense.

The second requirement for disclosing the identity of a confidential informant is that the request must be reasonable. In the instant action, the only evidence available to appellant in support of his defense was the testimony of the informant. Although the Commonwealth points to the testimony of Officer Fox who stated that the informant's safety would be jeopardized if his identity were disclosed, Fox's testimony fails to demonstrate the extent or likelihood of such harm. *See Commonwealth v. Pritchett,* 225 Pa.Super. 401, 410, 312 A.2d 434, 439 (1973). Hence, as appellant's need for production of the informant is great and the Commonwealth has failed to show a risk of significant danger to the informant as a result of disclosure, we find appellant's request to be reasonable.

Finally, appellant's request for disclosure of the informant must be in the interests of justice. In reviewing this requirement, this court will apply the balancing test of *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957):

---

3. Although appellant was involved in five sales, he was only convicted for his involvement in the May 15, 1991 sale.

'We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors.'

*Commonwealth v. Redmond* at 300–301, 577 A.2d at 553 (quoting *Roviaro v. United States,* 353 U.S. 53, 60–62, 77 S.Ct. 623, 627–28, 1 L.Ed.2d 639, 645–46 (1957)). *See also Commonwealth v. Carter* at 59, 233 A.2d at 287.

Thus, we must weigh the public interest in protecting the flow of information against appellant's right to prepare his defense of entrapment. Appellant's only source of evidence in support of his defense of entrapment was the informant's testimony. Moreover, appellant's entire defense is based upon the actions of the informant as an agent of the police. Clearly, the informant's testimony was crucial to appellant's defense. While the Commonwealth alleges that the informant would be endangered if his identity were disclosed, the Commonwealth has provided no evidence establishing the likelihood or nature of the possible harm to the informant. We agree that as the Commonwealth is currently using the informant in other investigations, it has a valid interest in refusing to disclose the identity of the informant. However, after a careful review of the record, we find that the interest of appellant in preparing his defense outweighs the Commonwealth's interest in protecting the flow of information to the police in the instant action.

█ Nonetheless, we find that the trial court's failure to order the Commonwealth to disclose the identity of the informant was not improper. The purpose of discovery is to "afford a defendant the opportunity to discover evidence which he did not know existed, as well as to seek possession of evidence of which he was aware." *Commonwealth v. Hussmann,* 335 Pa.Super. 603, 609, 485 A.2d 58, 61 (1984) (quoting *Commonwealth v. Brocco,* 263 Pa.Super. 51, 65–66, 396 A.2d

1371, 1378 (1979)). The rules of discovery are not to be abused "by defense counsel to obtain evidence to which the defense has equal access." *Commonwealth v. Hussmann* at 609, 485 A.2d at 61 (quoting *Commonwealth v. Gelormo*, 327 Pa.Super. 219, 231, 475 A.2d 765, 771 (1984)). *See Commonwealth v. Ryan*, 300 Pa.Super. 156, 165, 446 A.2d 277, 281 (1982) ("If the defense should be able to procure an eyewitness without the Commonwealth's aid, the Commonwealth need not inform the defense of the witness's whereabouts.").

At the suppression hearing, appellant testified that he had personal dealings with the informant, that the informant identified himself as "Chuckie," that the informant pointed out his house to appellant, and that appellant knew the informant's full name to be Charles Ray Phillips.[4] Based on this information, the trial court made a finding that appellant was in a position equal to that of the Commonwealth to subpoena the informant. This court will not question a trial court's finding of fact where it is supported by the record. *See Commonwealth v. Reddix*, 355 Pa.Super. 514, 518, 513 A.2d 1041, 1042 (1986); *Commonwealth v. Davies*, 342 Pa.Super. 318, 329, 492 A.2d 1139, 1144 (1985). Hence, as the trial court found that appellant was in same position as the Commonwealth to subpoena the informant, we find the trial court's denial of appellant's request to compel the Commonwealth to disclose the identity of the confidential informant to be proper.

■ Moreover, even if the trial court's denial of appellant's request was improper, appellant would not be entitled to a new trial. In *Commonwealth v. Hassine*, 340 Pa.Super. 318, 490 A.2d 438 (1985), this court held that where a trial court's refusal to compel production of a witness does not preclude the defendant from developing the exculpatory evidence himself, we will not find reversible error. *Id.* at 364, 490 A.2d at 462. As mentioned above, appellant had information regarding the identity and location of the informant. While appellant contends that this information may have been erroneous, appellant makes no showing that he was unable to subpoena

---

**4.** Appellant testified at the suppression hearing that an acquaintance told him that "Chuckie" 's full name was Charles Ray Phillips.

the informant with this information. Accordingly, this court would not find reversible error.

■ Appellant next contends that the trial court erred in sentencing appellant to a mandatory two-year term of imprisonment. Specifically, appellant contends that although the weight of the pills sold was 4.46 grams, as the weight of the controlled substance within the pills was only ⅒ of 1 gram, the trial court improperly imposed the mandatory minimum sentence of two years pursuant to 18 Pa.C.S.A. § 7508(a)(2)(i). We disagree.

18 Pa.C.S.A. § 7508(a)(2)(i) provides, in pertinent part:

(2) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is classified in Schedule I or Schedule II under section 4 of that act and is a narcotic drug shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; two years in prison and a fine of $5,000
. . .

*Id.*

It is clear from the language of the statute that it is the aggregate weight of the mixture containing the controlled substance which is used in determining whether a mandatory minimum sentence must be imposed. *Id.* *See Commonwealth v. Corporan,* 531 Pa. 348, 613 A.2d 530 (1992). "When the language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and common meaning." *Corporan* at 350–52, 613 A.2d at 531 (citations omitted). Accordingly, since the total weight of the pills containing the controlled substance exceeded 2 grams, the trial court properly imposed the mandatory minimum sentence of two years. We affirm judgment of sentence.

Judgment of sentence affirmed.