J-A33017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ROBERT MARSHALL UPHOLD, JR. | |
| Appellee | No. 542 WDA 2016 |

Appeal from the Order Entered March 31, 2016
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000224-2015

BEFORE:  LAZARUS, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED MARCH 13, 2017**

Appellant, the Commonwealth of Pennsylvania, appeals the order of the Court of Common Pleas of Greene County, entered on March 31, 2016, dismissing the Commonwealth's case for refusal to disclose the name and whereabouts of its confidential informant ("CI") to counsel for the Appellee-Defendant, Robert Marshall Uphold, Jr.  The Commonwealth had charged Uphold with with Possession with Intent to Deliver a Controlled Substance, Delivery of a Controlled Substance, and Possession of a Controlled Substance.[1]  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), (16).

In its opinion, entered June 10, 2016, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Trial Ct. Op., 6/10/16, at 2-5. We summarize them here for the convenience of the reader.

The criminal information states that the alleged offense was committed on June 1, 2010. The affidavit of probable cause was not filed until May 26, 2015, almost five years later. According to that affidavit, an undercover officer and the CI met with the Appellee. During that meeting, the officer gave Appellee $200 to purchase drugs and told Appellee that he would return in a half hour to pick up the drugs. Later, the officer returned without the CI and received ten wrapped bags of heroin from the Appellee. Appellee denies participating in the alleged transaction, and the CI was alleged to be the only non-law enforcement witness.

On August 17, 2015, defense counsel made his first request for the disclosure of the identity of the CI, along with other discovery requests. On August 24, 2015, the Commonwealth complied with the other discovery requests, but did not disclose any information about the CI. On March 28, 2016, defense counsel again requested the disclosure of the CI. Upon receipt of this second request, the trial court scheduled an *in camera* conference on March 30, 2016.

Following that conference, on March 31, 2016, the trial court ordered the Commonwealth immediately to reveal the identity and whereabouts of the CI to defense counsel and advised the Commonwealth that failure to

disclose the name would result in a dismissal of the charges. Order, 3/31/16, timestamped 9:05 A.M., at 1-3. The Commonwealth, in a motion for reconsideration filed later that morning, refused to disclose the name of the CI. Mot. for Recons., 3/31/16, at ¶ 7. That afternoon, the trial court ordered the charges against Appellee dismissed. Order, 3/31/16, timestamped 2:50 P.M., at 1. The Commonwealth's timely appeal followed on April 13, 2016.

The Commonwealth raises the following questions on appeal:

Did the trial court err by requiring the Commonwealth to divulge the name and whe[re]abouts of its confidential informant to counsel for [Appellee]?

Did the trial court err by dismissing the case against [Appellee] as a remedy for the Commonwealth's alleged discovery violation?

Commonwealth's Brief at 4.

"Our standard of review of claims that a trial court erred in its disposition of a request for disclosure of an informant's identity is confined to abuse of discretion." **Commonwealth v. Jordan**, 125 A.3d 55, 62 (Pa. Super. 2015) (*en banc*), **appeal denied**, 134 A.3d 55 (Pa. 2016).

The first requirement in support of a petition to compel disclosure of a confidential informant is that the defendant demonstrate that production of the informant is material to his defense. . . .

The second requirement for disclosing the identity of a confidential informant is that the request must be reasonable. . . .

Finally, appellant's request for disclosure of the informant must be in the interests of justice. In reviewing this requirement, this court will apply the balancing test of **Roviaro v. United States**, 353 U.S. 53, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957):

We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors. . . .

This court will not question a trial court's finding of fact where it is supported by the record.

**Commonwealth v. Ross**, 623 A.2d 827, 829-31 (Pa. Super. 1993) (citations and internal quotation marks omitted), **appeal denied**, 644 A.2d 162 (Pa. 1994); **accord** Pa.R.Crim.P. 573(B)(2)(a)(i). In the instant action, the trial court addressed each of these requirements, supporting its analysis with citations to the record. **See** Trial Ct. Op., 6/10/16, 10-13. We agree with the trial court's analysis and conclusions. Therefore, for the Commonwealth's first issue, we affirm on the basis of the trial court opinion.

The Commonwealth argues that the CI's information is not material because Appellee "is charged with delivering heroin as opposed to receiving $200" and the CI was present only for the payment of the money and not for the receipt of the heroin. Commonwealth Brief's at 12. But the Commonwealth alleges that the unlawful transaction occurred in two stages — delivery of the money for the heroin, and receipt of the heroin — and that

the CI was present for the first stage. As the only non-law enforcement witness allegedly present, the CI is the one outside person who can testify to whether Appellee was indeed the participant at the meeting where the first part of the transaction occurred, something that Appellee denies. We therefore agree with the trial court that the CI is material to Appellee's defense.

The Commonwealth's second issue is that the trial court "erred in dismissing the case against the [Appellee] as a remedy for the Commonwealth's alleged discovery violation." Commonwealth's Brief at 16. However, *Roviaro v. U.S.*, 353 U.S. 53, 60-61 (1957), held that the failure of the government to disclose an informant's identity after being ordered by a court to do so warrants dismissal of the prosecution. The Supreme Court of Pennsylvania has adopted this holding. *See Commonwealth v. Marsh*, 997 A.2d 318, 322 (Pa. 2010) (where the trial court requires disclosure of an informer's identity and the government withholds the information, the trial court may dismiss the action); *Commonwealth v. Carter*, 233 A.2d 284, 287 (Pa. 1967) (same). The standard of review is abuse of discretion. *Jordan*, 125 A.3d at 62, 65. For the reasons stated in the opinion by the trial court, we conclude that the trial court did not abuse its discretion by dismissing the charges against Appellee, as such dismissal was both within its power and an appropriate remedy.

The Commonwealth argues: "Had the [trial c]ourt determined that the Commonwealth's non-disclosure of the confidential informant's identity represented a discovery violation, it should have selected a remedy other than dismissal of the prosecution." Commonwealth's Brief at 16. Our review of the record discloses, however, that the Commonwealth never requested such an alternative remedy before the trial court. Hence, any request for an alternate sanction was waived and cannot be raised for the first time on this appeal. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

The parties are instructed to attach a copy of the trial court's June 10, 2016, Opinion to all future filings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/2017

IN THE COURT OF COMMON PLEAS OF GREENE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA,   )
                                )
        PLAINTIFF,              )
                                )
    v.                          )        224 CR 2015
                                )
ROBERT MARSHALL UPHOLD,         )
                                )
        DEFENDANT.              )

### STATEMENT PURSUANT TO Pa. R.A.P. 1925

Matter comes before the Court on the Commonwealth's appeal from this Court's dismissal of charges after the Commonwealth refused to disclose the identity of Confidential Informant (hereinafter "CI").

### 1925 STATEMENT ISSUES

Pursuant to the Commonwealth's, 1925 Statement, the concise issues for appeal are as follows:

Did the Court err, when it required the Commonwealth to divulge the name and whereabouts of its CI to Counsel for the Defendant?



Did the Court err, when it dismissed the case against the Defendant as a remedy for the Commonwealth's alleged discovery violation?

Did the Court err, when it entertained the Defendant's request to compel discovery without filing the appropriate motion as required by Pa.Rule of Criminal Procedure 573?

Did the Court err, when it entertained the Defendant's request to compel disclosure on March 30, 2016, two (2) days prior to the start of the scheduled trial, 212 days after formal arraignment and 219 days after the Commonwealth provided the Defendant with initial Discovery?

## STATEMENT OF FACTS

The Criminal Information indicates that the alleged offense date was June 1, 2010. Three (3) years later charges were filed and later dismissed. The Complaint was then refiled on May 26, 2015 approximately five (5) days prior to the expiration of the statute of limitations. A jury was selected on March 2, 2016, with the trial date set for April 1, 2016.

The affidavit of probable cause, filed May 26, 2015, essentially reveals the following salient facts:

The undercover Officer indicated that he overheard a phone conversation between the CI and the Defendant. The alleged CI and the undercover Officer went to the Defendant's location. It is then alleged by the undercover Officer that the CI was present and he observed a money transaction between the undercover Officer and the Defendant. The affidavit goes on to say that the undercover Officer returned, without the CI, approximately thirty (30) minutes later where he obtained ten (10) wrapped baggies of suspected heroin.

Defendant filed various pretrial motions that were disposed of in the Commonwealth's favor.

Defense counsel made his first request for the disclosure of the CI, among other requests, dated August 17, 2015 (time stamped August 19, 2015). Defense Counsel filed a Motion to Extend Time to File Pretrial Motion on September 30, 2015. This Court's Order (dated October 2, 2015) granted said Motion, allowing leave to file Omnibus Pretrial Motions set for November 10, 2015.

Defense Counsel then filed a Motion with this Court, among other motions, requesting the disclosure of the CI on March 28, 2016. In this Motion, Defense Counsel offers this

Court a timeline of the prosecution starting June 1, 2010 and continuing through March 2, 2016. Defense Counsel states, "[t]hree years passed before the original complaint was filed. It has been nearly two years since the original complaint was dismissed. More than 365 days expired since the dismissal of the first prosecution." (Defense *Motion to Dismiss: Speedy Trial & Rule 600 & Motion for Discovery*, pg. 2, March 28, 2016) Defense Counsel further discusses the discovery rules and the mandatory disclosure of discoverable information, and states that the "Defendant believes that the Commonwealth's failure to disclose information critical to the defense at trial affects his ability...to obtain a fair trial." *Id.* at 2-4.

Upon the receipt of Defense Motion for Discovery and Rule 600, Speedy Trial, this Court Ordered a hearing/conference to be held on March 30, 2016 in the Judge's Chambers at noon.

This Court's Order, dated March 31, 2016, Ordered the Commonwealth to immediately reveal the identity and whereabouts of the CI to Defense Counsel and advised that failure to disclose would result in a dismissal of the charges. Thus, the Commonwealth was on continuous notice of

the request since August of 2015. *See attached Order, dated March 31, 2016.*

The Commonwealth, in a Motion for Reconsideration (filed March 31, 2106) **refused** to disclose CI. *See attached Motion for Reconsideration.*

## STANDARD OF REVIEW

The "standard of review of claims that a trial court erred in its disposition of a request for disclosure of an informant's identity is confined to abuse of discretion." <u>Com. v. Washington</u>, 2013 PA Super 51, 63 A.3d 797, 801 (2013), *citing Com. v. Withrow*, 932 A.2d 138, 140 (Pa.Super.2007).

## STATEMENT OF LAW

"The first requirement in support of a petition to compel disclosure of a confidential informant is that the defendant demonstrate that production of the informant is material to his defense." <u>Com. v. Ross</u>, 424 Pa. Super. 570, 574, 623 A.2d 827, 829 (1993).

"The second requirement for disclosing the identity of a confidential informant is that the request must be reasonable." <u>Com. v. Ross</u>, 424 Pa. Super. 570, 575, 623 A.2d 827, 829 (1993).

"Finally, [third requirement] appellant's request for disclosure of the informant must be in the interests of justice. In reviewing this requirement, this court will apply the balancing test of *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957):

> 'We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors.'"

Com. v. Ross, 424 Pa. Super. 570, 575-76, 623 A.2d 827, 830 (1993), *citing Com. v. Redmond* at 300-301, 577 A.2d at 553 (quoting *Roviaro v. United States*, 353 U.S. 53, 60-62, 77 S.Ct. 623, 627-28, 1 L.Ed.2d 639, 645-46 (1957)). *See also Com. v. Carter* at 59, 233 A.2d at 287.

It is proper for the Court to require disclosure of a CI "… as long as production of the informant would be: (1) material to the defense; (2) reasonable; and (3) in the interests of justice." Com. v. Redmond, 395 Pa. Super. 286, 300, 577 A.2d 547, 553-54 (1990), *citing Com. v. Bonasorte*, 337 Pa.Super. 332, 355, 486 A.2d 1361, 1372-73 (1984). "In analyzing the latter requirement, the *Bonasorte* court held that the balancing test of *Roviaro v. United States*, 353 U.S.

53, 77 S.Ct. 623, 1 L.Ed.2d 639(1957), should be applied." *Id., citing Bonasorte, supra* at 1372-73. "The essence of this test 'is that a court confronted with a request for disclosure of an informant's identity must balance the defendant's need against the public interest.'" *Id., citing Bonasorte, supra* at 1373.

"Specifically, *Roviaro* requires: [w]here the disclosure of an informer's identity, or of the contents of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege [government's privilege to withhold identity of confidential informants]must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action."*Redmond,supra.*

Further, as to pretrial discovery, "[u]nder Pennsylvania Rule of Criminal Procedure 573, a trial court has the discretion to require the Commonwealth to reveal the names and addresses of all eyewitnesses, including confidential informants, where a defendant makes a showing of material need and reasonableness…" *Com. v. Watson*, 2013 PA Super 99, 69 A.3d 605, 607 (2013).

"The Commonwealth enjoys a qualified privilege to withhold the identity of a confidential source." *Com. v. Watson*, 2013 PA Super 99, 69 A.3d 605, 607-08 (2013), *citing Com. v. Bing,* [551 Pa. 659, 713 A.2d 56 (1998)]; *Com. v. Roebuck*, 545 Pa. 471, 681 A.2d 1279, 1283 n. 6 (1996). "In order to overcome this qualified privilege and obtain disclosure of a confidential informant's identity, a defendant must first establish, pursuant to Rule 573(B)(2)(a)(i), that the information sought is material to the preparation of the defense and that the request is reasonable." *Watson, supra, citing Roebuck, supra* at 1283. "Only after the defendant shows that the identity of the confidential informant is material to the defense is the trial court required to exercise its discretion to determine whether the information should be revealed by balancing relevant factors, which are initially weighted toward the Commonwealth." *Watson, supra, citing Bing, supra* at 58; *Com. v. Herron*, 475 Pa. 461, 380 A.2d 1228 (1977).

However, "...we reiterate here the bedrock principle that there is no single determinative factor in deciding whether disclosure of an informant's identity is required."

Com. v. Marsh, 606 Pa. 254, 262, 997 A.2d 318, 322 (2010).

Furthermore, "[t]he confrontation clause of the Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides that '[i]n all criminal prosecutions, the accused shall enjoy the right… to be confronted with the witness against him.'" Com. v. Dyarman, 2011 PA Super 245, 33 A.3d 104, 106 (2011), aff'd, 621 Pa. 88, 73 A.3d 565 (2013).

Also, "Article I, Section 9 of the Pennsylvania Constitution, it similarly provides: 'In all criminal prosecutions the accused hath a right… to be confronted with the witnesses against him… '" Com. v. Yohe, 621 Pa. 527, 544, 79 A.3d 520, 531 (2013).

## OPINION

As to whether the Commonwealth is required to reveal the CI, this Court having heard argument by Mr. Cicconi, Esq., representing the Commonwealth and Mr. Cancelmi, Esq., representing the Defendant in determining whether the name of a CI should be revealed to the Court starts with the Constitutional Right of the Defendant to face his accuser, granted in both the United States and Pennsylvania

Constitutions balanced against the need of the Commonwealth to seek information from confidential sources that allow the free flow of information.

"One of the factors to weigh is the need for the Defendant to prepare a proper defense. Delay in the prosecution of any case creates the distinct possibility that prejudice can occur to either side, however, since the Commonwealth is always in charge of controlling the timing of the prosecution the Court believes that in weighing the factors the Defendant's Constitutional Right to face his accuser under these circumstances outweighs the bald assertion that the revealing of CI may place the CI in some danger and the Commonwealth's assertion that three of the team of arresting officers do not recall who the CI is and also the Defendant's indication through Defense counsel that his defense may be one of entrapment." (*Court Order,* dated March 31, 2016, *and attached hereto*) This Court considered that the CI allegedly used in this case, was used five years ago.

During the Pre-trial Hearing, the Commonwealth Attorney shared with the Court that three (3) of the Officers can not remember who the CI was in this case. This Court notes that

the significant time delay, the natural failing memories of the Officers, the closeness of the CI to this transaction, and the Defendant's denial of involvement, were also considered. Moreover, the CI and the arresting officer are intrinsic to the transaction and therefore obviously material to the defense.

During discussions relating to the identity of the CI in this case, Defense Counsel stated, "[w]ell I'm told there's no answer to one of my questions. Because one of the teams says A was the informant, and three of the teams say no, it definitely wasn't A, but we don't know who it was…" *Id.* at 11:5-8. Thereafter, Commonwealth stated, "I'm not, I don't think anybody knows who the informant was now, or they're not telling me. But the name that I got told, the name that was told to me by someone who wasn't even part of the team, now everyone says isn't the guy." *Id.* at 11:11-15.

Furthermore, Defense counsel stated, "...this is the only man, this man is in the vehicle at the time that Mr. Mitchell supposedly says that Uphold is giving him drugs…This is the only witness for five years." *Id.* at 12:7-13.

It is also acknowledged that, on the eve of trial the Commonwealth brought to this Court's attention that there was actually an evidence envelope that was not previously disclosed. *Id.* at 18:21-23. Therefore, it is recognized that the issue of prejudice is highly relevant to this case. Specifically, with regard to the Defense being hampered by not having proper discovery.

The Commonwealth stated(regarding the Officers involved with this case), "[w]e can't tell you precisely who the person was… You know, it's been a long time ago and we do a lot if these… " *Id.* at 21:24-25, 22:2-3. The Commonwealth thereafter said they thought they knew who the CI was, that they had his cell phone number, and he could call the CI. *Id.* at 25:3-4. The District Attorney later acknowledged that the Commonwealth knew of and refused to disclose the CI.

The Court considered that the lead Detective of this case maintained that he did not know who the CI was, nor did other members of the team. Furthermore, this Court recognized that the objections to the matters of discovery and remedies available are clearly within the discretion of the Court, and were properly considered.

Moreover, regarding the first requirement, that the defendant demonstrate that production of the informant is material to his defense, based on the aforementioned, this Court found that the Defendant met this burden.

With regard to the second requirement, that the request must have been reasonable, based on the aforementioned, this Court found that the Defendant met this burden.

Regarding the third requirement, that the request for disclosure must have been in the interests of justice, after reviewing this requirement and applying the balancing test of *Roviaro*, based on the aforementioned, this Court found that the balance was in favor of the Defendant, and the disclosure of the CI was in the interest of justice.

As stated previously, there is no fixed rule and when balancing the *public interest in protecting the flow of information against the individual's right to prepare his defense*, the particular circumstances of each individual case must be taken into consideration. This Court asserts that the ruling to disclose the identity of the CI was within the sound discretion of the Court after careful review of the case particular facts and circumstances.

Furthermore, the Commonwealth raised the issue that the Commonwealth should not have been required to disclose based on the Defendant's untimely request.

The Court notes that Rule 573 of the Rules of Procedure grant great latitude in allowing the Court to extend pretrial and discovery deadlines and the Rule contemplates a **continuing duty** to disclose and therefore the Commonwealth's argument is without merit.

Also, this Court recognizes that the Commonwealth enjoys a qualified privilege to withhold the identity of a CI, and that the Defendant must overcome this privilege. This Court found the Defendant's request for disclosure of the CI was material to his defense and that this request was reasonable. Furthermore, this Court then exercised its discretion and balanced the facts and circumstances of the case; ultimately finding the request for disclosure outweighed the Commonwealth's refusal.

Furthermore, in weighing the factors as outlined above, and considering all relevant factors, this Court found that the Defendant's Constitutional Rights to confrontation outweighed the Commonwealth's interest in establishing free

communication with its CI (this particular CI being used some five years ago). As the Commonwealth was on notice and refused to comply, the appropriate remedy in exercising sound discretion was a **dismissal** of the charges.

CONCLUSION

The Court **did not** err in requiring the disclosure of the confidential informant, ultimately resulting in a dismissal of the charges.

ATTEST:

_____
CLERK OF COURTS

BY THE COURT:

_____
LOUIS DAYICH, JUDGE
Date: 6-10-2016

IN THE COURT OF COMMON PLEAS OF GREENE COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA  )
                             )
            v.               )      No 224 CR 2015
                             )
                             )
ROBERT MARSHALL UPHOLD,      )
                             )
        DEFENDANT            )

O R D E R

AND NOW this 31st day of March, 2016, there being a continuing request for discovery in the above captioned case the matters having been chiefly resolved with the exception of whether the Commonwealth is required to reveal the Confidential Informant the Court having heard argument by Mr. Cicconi, Esq., representing the Commonwealth and Mr. Cancelmi, Esq., representing the Defendant in determining whether the name of a Confidential Informant should be revealed the Court starts with the constitutional right of the Defendant to face his accuser granted in both the United States and Pennsylvania constitutions balanced against the need of the Commonwealth to seek information from confidential sources that allow the free flow of information

and allow the prosecution of other crimes. The Court must strike a balance in the interest of justice in deciding those factors. The Court is aware that this case is based on allegations that happened in 2010 that charges were filed against and later dismissed and charges were then refilled a day short of the five year statute of limitations. One of the factors the weighs is the need for the Defendant to prepare of proper defense. Delay in the prosecution of any case creates the distinct possibility that prejudice can occur to either side, however, since the Commonwealth is always in charge of controlling the timing of the prosecution the Court believes that in weighing the factors the Defendant's constitutional right to face his accuser under these circumstances outweighs the bald assertion that the revealing of confidential information may place the Confidential Informant in some danger and the Commonwealth's assertion that three of the team of arresting officers do not recall who the Confidential Informant is and also the Defendant's indication through Defense counsel that his defense may be one of entrapment. In balance the Court, considering all factors necessary, ORDERS the Commonwealth to immediately reveal to Harry Cancelmi, Esq., attorney for the Defendant the name and whereabouts of the Confidential

Informant to allow the Defendant to prepare a proper defense in his trial. Case law indicates that failure to reveal the confidential informant may result in the dismissal of charges.

SO ORDERED AND DECREED

ATTEST:                                    BY THE COURT:

_____                    _____
CLERK OF COURTS                            LOUIS DAYICH, JUDGE

THIRTEENTH JUDICIAL DISTRICT OF PENNSYLVANIA

IN THE COURT OF COMMON PLEAS OF GREENE COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA )
)
vs. ) NO. 224 CRIM. SESS., 2015
)
ROBERT UPHOLD, )
Defendant. )

## MOTION FOR RECONSIDERATION

AND NOW comes the Commonwealth, by and through the District Attorney of Greene County, and respectfully sets forth the following in support of the within Motion:

1. The Defendant filed a motion on March 28 2016, to inter alia, compel the Commonwealth to disclose the identity of its Confidential Informant, four (4) days prior to the scheduled trial in this matter.

2. The Court entered an Order on March 31, 2016 ordering the Commonwealth to disclose the identity of the Confidential Informant (copy attached).

3. Commonwealth provided Formal Discovery on August 24, 2015, in response to Defendant's Formal Discovery Request on August 17, 2015, and Defendant was Formally Arraigned on August 31, 2015 (see attachments).

4. Any Omnibus pretrial motion with regard to the Defendant's discovery motion should have been filed within 30 days of Formal Arraignment in accordance with Pa. Rule of Criminal Procedure 579, unless opportunity did not exist or the defendant or defense attorney or attorney for the

Commonwealth was not aware of the grounds for the motion or the time to file has been extended by the Court.

5. It does not appear that any of these exceptions to Rule 579 are present in the current matter.

6. Furthermore, in its motion to Compel Disclosure, the Defendant has not shown that there is a reasonable possibility that the Confidential Informant could bring forth evidence exonerating the Defendant, as required by established case law (Commonwealth v. Watson, 69 A.3d 605, 2013 PA Super 99, 2013, Commonwealth v. Roebuck, 545 Pa. 471, 681 A.2d 1279, 1996), in that, it is not alleged that the Confidential Informant was present when the exchange of drugs allegedly took place.

7. The Commonwealth believes this Honorable Court erred by directing disclosure of the Confidential Informant and the Commonwealth, accordingly, will not disclose said information to Defense Counsel.

8. The Commonwealth stands ready for trial of this case on April 1, 2016.

WHEREFORE, The Commonwealth respectfully requests this Honorable Court to reconsider its March 31, 2016 order.

Respectfully submitted:

Date: March 31, 2016

By _____
Attorney for Commonwealth