J-S27004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMAL JACKSON | : | |
| | : | |
| Appellant | : | No. 125 EDA 2017 |

Appeal from the Judgment of Sentence December 1, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000104-2016

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.: **FILED JULY 19, 2018**

Appellant, Jamal Jackson, appeals from the judgment of sentence entered on December 1, 2016, in the Philadelphia County Court of Common Pleas. We affirm.

In its May 1, 2017 opinion, the trial court set forth the facts and procedural background of this case as follows:

On October 28, 2015, Philadelphia Narcotics Officer Michael Brown and another officer went to the 1200 block of South Bucknell Street in Philadelphia where they focused their attention on a residence located at 1252 South Bucknell Street. While so engaged[,] Officer Brown met with a [confidential informant ("the CI")]. (N.T. 13-14). During the meeting, Officer Brown searched the CI and after ascertaining that he/she did not have money or contraband in his/her possession, gave the CI $40.00 in prerecorded "buy" money. The CI proceeded to 1252 South Bucknell Street and knocked on the door, which was answered by Appellant. Upon answering the door, Appellant walked out of the house and engaged the CI in a short conversation. When it ended both the CI and Appellant went inside the residence.

The CI emerged approximately three minutes later and immediately returned to Officer Brown, who remained in the area and saw the CI enter and then exit the residence. The [CI] surrendered a bag filled with what testing revealed to be marijuana to Officer Brown, who thereafter placed that bag and its contents on a property receipt.

On October 29, 2015, Officer Brown again went to [the] 1200 block of South Bucknell Street and met with the same CI he had used the previous day. Again, the CI was searched with negative results, given pre-recorded "buy" money, and directed to go to 1252 South Bucknell Street. As occurred the previous day Appellant answered the door and after engaging the CI in a short conversation, he ushered the CI into the residence. Five minutes later the CI emerged, returned to Officer Brown, and handed him a bag filled with what testing revealed to be marijuana.

On October 30, 2015, Officer Brown secured a search warrant for 1200 block of South Bucknell Street, which was executed at about 3:25 p.m. that day. Upon arrival police encountered Appellant standing outside the residence and placed him in custody. A search of Appellant resulted in the seizure of $512.00 from him. The police then entered the residence and ascertained that the building was being used as a boarding house and that Appellant rented a first floor front room.[1] Police limited the search of the residence to that room and it yielded two large laundry bags filled with what testing revealed to be marijuana, three digital scales, two cell phones, and one box of unused sandwich baggies. Also recovered were pieces of mail addressed to "Jamal Collier" at that residence and $1,148.00 in U.S currency.[2]

[1] At the time the warrant was executed police encountered three people in a second floor middle bedroom.

[2] Following his arrest Appellant gave the police the name Jamal Collier.

Appellant testified in his own defense. He denied that he sold drugs or participated in the sales to the CI. He further stated that he resided in the front bedroom and that the money police seized from inside the room was income from his job.[3]

[3] The non-hearsay relevant testimony given during the hearing on Appellant's CI motion was admitted by way of stipulation in Appellant's trial.

Trial Court Opinion, 5/1/17, at unnumbered 2-4.

On December 1, 2016, following the denial of a motion to reveal the identity [of the CI] and a waiver trial before this [c]ourt, Appellant was found guilty of Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver Cocaine (hereinafter "PWID"), 35 P.S. § 780-113 (A)(30), Knowing and Intentional Possession of a Controlled Substance, 35 P.S. § 780-113 (A)(16), and Use or Possession of Drug Paraphernalia, 35 P.S. § 780-113 (A)(32)[.] That same day, following the recording of the verdict, this [c]ourt imposed a sentence of three years' probation on the PWID conviction upon Appellant and entered verdicts without further penalty on the remaining two charges.

Trial Court Opinion, 5/1/17, at unnumbered 1-2.

Following the imposition of sentence on December 1, 2016, Appellant filed a timely notice of appeal on December 30, 2016. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issue for this Court's consideration:

Did the lower court err in denying [A]ppellant's Motion to Reveal Identity of Confidential Informant because 1) [A]ppellant satisfied his burden that his request was material and reasonable by presenting evidence raising a defense of mistaken identification and fabrication; and 2) the Commonwealth failed to show any "reasonably specific type of danger" to the specific informant in this matter if the identity were disclosed?

Appellant's Brief at 3.

Our standard of review of claims that a trial court erred in its disposition of a request for disclosure of a CI's identity is confined to abuse of discretion.

- 3 -

***Commonwealth v. Watson***, 69 A.3d 605, 607 (Pa. Super. 2013) (citation omitted). Pursuant to Pennsylvania Rule of Criminal Procedure 573, a trial court has the discretion to require the Commonwealth to reveal the names and addresses of all eyewitnesses, including confidential informants, where a defendant makes a showing of material need and reasonableness. ***Commonwealth v. Marsh***, 997 A.2d 318, 321-322 (Pa. 2010) (citing Pa.R.Crim.P. 573(B)(2)(a)(i)).

> The Commonwealth enjoys a qualified privilege to withhold the identity of a confidential source. In order to overcome this qualified privilege and obtain disclosure of a confidential informant's identity, a defendant must first establish, pursuant to Rule 573(B)(2)(a)(i), that the information sought is material to the preparation of the defense and that the request is reasonable. Only after the defendant shows that the identity of the confidential informant is material to the defense is the trial court required to exercise its discretion to determine whether the information should be revealed by balancing relevant factors, which are initially weighted toward the Commonwealth.

> In striking the proper balance, the court must consider the following principles:

>> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations, the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

>> No fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous

must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Marsh*, 997 A.2d at 321-322 (some internal citations and internal brackets omitted). The Supreme Court stated that it "has repeatedly recognized the importance of the Commonwealth's qualified privilege to maintain the confidentiality of an informant in order to preserve the public's interest in effective law enforcement." *Id.* at 324 (citation and internal quotation marks omitted). The Supreme Court noted that the safety of the CI is a controlling factor in determining whether to reveal his identity. *Id.* Appellant need not predict exactly what the CI will say, but he must demonstrate a reasonable possibility the CI could give evidence that would exonerate him; Appellant must establish more than a mere assertion that disclosure of the CI's identity "might be helpful." *Commonwealth v. Belenky*, 777 A.2d 483, 488 (Pa. Super. 2001).

The trial court found that Appellant arguably met his burden of establishing that disclosure of the CI's identity was material to his defense. Trial Court Opinion, 5/1/17, at unnumbered 5. However, that does not complete the relevant analysis because additional factors must be considered before the identity of a CI is revealed. *Marsh*, 997 A.2d at 321-322. The trial court stated:

Instantly, Appellant arguably met his burden as outlined above. Nevertheless, it is submitted that this [c]ourt's order should be affirmed because the Commonwealth established that

the CI was still being used in such a capacity at the time the hearing herein occurred and that he/she would be in danger if his/her identity were revealed. (N.T. 12/1/16, 11).

* * *

Revelation of an informant's identity in such circumstances would not only jeopardize that particular informant's safety, but would also seriously dissuade any other potential informants from cooperating with the police.

In the instant case, the Commonwealth presented evidence that if the CI's identity were revealed, his/her personal safety would be jeopardized[,] and by implication[,] the CI's further usefulness to the police in investigating illegal drug sales would be compromised. Given this, and given the fact that Appellant failed to refute this testimony it is clear that the relevant considerations weighed in favor of not revealing the informant's identity. …

Trial Court Opinion, 5/1/17, at unnumbered 5-6.

In the case at bar, Appellant correctly points out that although Officer Brown testified that he once had a CI who was murdered, there was no evidence that the murder directly impacted the instant case. Appellant's Brief at 17 (citing N.T., 12/1/16 at 11). Moreover, there was no direct testimony that the CI in this case was in actual danger. *Id.*

Pursuant to the standard set forth above, the trial court was required to engage in a balancing test. *Marsh*, 997 A.2d at 321-322. The trial court concluded that the danger to the CI was real, albeit implied. Trial Court Opinion, 5/1/17, at unnumbered 5-6. The trial court also found that disclosure of the CI's identity would compromise future drug investigations, and that fact, balanced with the factors discussed above, militated against disclosing

the CI's identity. *Id.* at unnumbered 6. Additionally, the trial court opined that disclosing the CI's identity under these circumstances would dissuade other potential informants from cooperating with the police. *Id.*

Although the pre-recorded buy money was not recovered from Appellant, and while the identity of the CI may have been helpful in constructing a defense for Appellant, we cannot conclude that the trial court abused its discretion under the facts of this case. Officer Brown testified that the CI went to a boarding house on South Bucknell Street to buy marijuana. N.T., 12/1/16, at 6. Officer Brown witnessed the CI speak to Appellant outside of the home, saw the CI and Appellant enter the house, and testified that the CI returned with marijuana. *Id.* at 7. After executing the search warrant in Appellant's room, police discovered cash and bags of marijuana hidden under some clothes as well as three digital scales, two cell phones, and a box of sandwich baggies. *Id.* at 9-10.

After review, we agree with the trial court. Although Appellant illustrated that revealing the CI's identity was material to his defense, the trial court balanced that finding with other relevant factors including the safety of the CI and the Commonwealth's qualified privilege to maintain the confidentiality of a CI in order to preserve the public's interest in effective law enforcement. *Marsh*, 997 A.2d at 324. This was a determination left to the sound discretion of the trial court, and we discern no abuse of that discretion. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/18