J-S47009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIRRELL ANDRE MOON | : | |
| | : | |
| Appellant | : | No. 1375 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 17, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002070-2017

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:              **FILED DECEMBER 19, 2019**

Appellant, Tirrell Andre Moon, appeals from the July 17, 2018 Judgment of Sentence entered in the Dauphin County Court of Common Pleas following his non-jury conviction of one count each of Possession of Firearm Prohibited, Firearms Not to be Carried Without a License, Resisting Arrest, Possession of Drug Paraphernalia, and two counts of Possession of a Controlled Substance.[1] After careful review, we affirm.

The relevant facts and procedural history are, briefly, as follows.  On March 26, 2017, Harrisburg City Police received information from a confidential informant ("CI") that Appellant, for whom the police had an active summary traffic warrant outstanding, was in the area of Third and Calder Streets in Harrisburg and allegedly carrying a firearm.  The police located

---

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), and 5104, and 35 P.S. §§ 780-113(a)(32) and 780-113(a)(16), respectively.

Appellant in this area and arrested him. When the police arrested Appellant, he had in his possession a firearm and a knotted plastic baggie of crack cocaine.

On October 10, 2017, Appellant filed a Motion to Suppress Evidence in which he alleged that his arrest was "pretextual, unlawful[,] and not supported by probable cause." Motion, 10/10/17, at ¶ 4. The court held a hearing on the Motion on November 6, 2017, at which Harrisburg City Police Chad McGowan testified. Relevantly, Officer McGowan testified that Police Officer Nick Ishman[2] contacted him based on a tip that Officer Ishman received from a CI. Officer McGowan testified that, because Officer Ishman contacted him, he conducted a warrant check. Officer McGowan testified that he discovered that Appellant had an outstanding warrant, so he called other units to the location identified by the CI and then proceeded there himself. Officer McGowan testified that, once he arrived, he observed Appellant and an unidentified man cross the street. Appellant's dress matched the description that the CI had given Officer Ishman. Officer McGowan testified that he apprehended Appellant after Appellant attempted to flee from the police. In light of Officer McGowan's testimony, at the conclusion of the hearing, Appellant asked that the court keep the record open so that he could file a Motion to Compel the Identity of Confidential Informant.

---

[2] The Harrisburg City Police Department subsequently promoted Officer Ishman to detective. Notwithstanding, we will refer to Detective Ishman as "Officer Ishman" in this Memorandum Opinion.

On April 10, 2018, Appellant filed a Motion to Compel Identity of Confidential Informant. In the Motion, Appellant argued that the information provided by the CI was not sufficient to support Appellant's arrest. Motion, 4/10/18, at ¶ 21. Appellant asserted that it was vital to Appellant's defense that the court order disclosure of the CI's identity because the CI's credibility and reliability are directly at issue, and because Appellant may want to call the CI as a trial witness. *Id.* at ¶¶ 23-26, 29.

On April 17, 2017, the trial court held a hearing on the Motion. At the hearing, Officer McGowan again testified that the Harrisburg City Police Department had previously used, and was continuing to use, this confidential informant. He further testified that revealing the identity of the confidential informant would place the informant in danger and could negatively influence ongoing and future investigations.

Prior to the commencement of Appellant's May 8, 2018 bench trial, the Commonwealth presented further testimony in opposition to Appellant's Motion to Compel the Identity of Confidential Informant. Officer Nick Ishman testified that he had worked with the CI regularly for approximately the prior eighteen to twenty four months. Officer Ishman also testified that the CI's tips had resulted in seventeen arrests and two convictions in 2017, and in four arrests in 2018. He testified that he was in daily contact with the CI *via* text and phone calls. He testified that the CI is a long-time Harrisburg resident with family in the area; consequently, Officer Ishman believed that revealing the CI's identity would place the CI's safety in jeopardy. He testified that on

the day of Appellant's arrest, the CI tipped him to Appellant's location and gave a description of the clothing Appellant was wearing. Officer Ishman also testified that the District Attorney initially introduced Officer Ishman to the CI and that the CI was not cooperating because he had charges pending against him. Following Officer Ishman's testimony, the court denied Appellant's Motion to Compel Identity of Confidential Informant.

On May 8, 2018, the trial court convicted Appellant of the above crimes. The court deferred sentencing pending a pre-sentence investigation.

Following consideration of the Pre-Sentence Investigation Report and argument of counsel, the court sentenced Appellant to an aggregate term of four to eight years' incarceration followed by a term of five years' probation. Appellant did not file a Post-Sentence Motion.

Appellant timely appealed. On August 20, 2018, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement within 21 days. More than 21 days later, on October 11, 2018, Appellant, through Attorney Wendy J. F. Grella, filed an "Unopposed Motion for Extension of Time to file Statement of Matters Complained of Pursuant to Pa.R.A.P. 1925(b)." The trial court granted Appellant's Motion on October 15, 2018, and ordered Appellant to file a Rule 1925(b) Statement within 30 days. Appellant failed to file a Rule 1925(b) Statement within 30 days of October 15, 2018, and, instead, sought, and received, two more extensions of time.

On January 29, 2019, Attorney Grella filed an "Unopposed Motion to Withdraw as Counsel and Request for Extension of Time." On February 4,

2019, the court granted Attorney Grella's Motion to Withdraw as counsel and filed a Pa.R.A.P. 1925(a) Opinion. In its February 4, 2019 Rule 1925(a) Opinion, the court indicated it would not file a substantive Memorandum Opinion because Appellant's counsel had filed a Statement of Intention to file an *Anders*/*McClendon* Brief, in accordance with Pa.R.A.P. 1925(c)(4). This Court's review of the record reveals that Attorney Grella filed neither a Rule 1925(b) nor a Rule 1925(c)(4) Statement.

On March 13, 2019, this Court vacated the trial court's February 4, 2019 Order granting Attorney Grella's Motion to Withdraw as the filing of the instant appeal had divested the trial court of jurisdiction. This Court further directed counsel to "comply with the procedural requirements of *Anders v. California*, 386 U.S. 738 (1967), *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), and their progeny by filing an application to withdraw accompanied by an *Anders* brief in this Court, providing copies of the same to Appellant, and advising Appellant of his rights pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005)." Order, 3/13/19. Counsel did not, however, file an *Anders* Brief. Instead, she filed an advocate's Brief, in which Appellant challenges the discretionary aspects of his sentence and challenges the trial court's denial of his Motion to Compel the Identity of Confidential Informant. *See* Appellant's Brief at 5. Because Attorney Grella had not filed a Rule 1925(b) Statement, however, on September 13, 2019, we determined that she had been *per se* ineffective. We, thus, remanded this matter for Appellant to file a Rule 1925(b) Statement and for the trial court to file a responsive

Rule 1925(a) Opinion. Both Appellant and the trial court have complied with this Court's September 13, 2019 Order.

Appellant raises the following two issues on appeal:

1. Whether the imposition of an aggregate sentence of four (4) to eight (8) years['] incarceration and a consecutive five years of county supervision was excessive given the circumstances of Appellant[]?

2. Whether the trial court erred in not ordering disclosure of the confidential informant as the verdict is against the weight of the evidence as the Commonwealth was unable to prove beyond a reasonable doubt that [Appellant] was a person not to possess a firearm, carried a firearm without a license, possessed a controlled substance, resisted arrest, or possessed drug paraphernalia?

Appellant's Brief at 5.

In his first issue, Appellant claims that his four to eight year sentence of incarceration was excessive because the court: (1) failed to consider Appellant's character, background, and history, (2) did not give due consideration to the minimum sentence necessary to protect the public; (3) failed to give proper weight to mitigating factors and focused solely on the "negative aspects of the offense;" and (4) failed to consider Appellant's rehabilitative needs. Appellant's Brief at 11. This claim challenges the discretionary aspects of Appellant's sentence.

Challenges to the discretionary aspects of sentencing are not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has

filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief sufficiently addresses the challenge in a statement included pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

With respect to the second factor, a defendant must object and request a remedy at sentencing, or raise the challenge in a post-sentence motion. *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004). The Pennsylvania Rules of Criminal Procedure specifically caution defendants that, when filing Post-Sentence Motions, "[a]ll requests for relief from the trial court shall be stated with specificity and particularity[.]" Pa.R.Crim.P. 720(B)(1)(a). *See Commonwealth v. Tejada*, 107 A.3d 788, 798-99 (Pa. Super. 2015) (noting that the trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion).

This Court's review of the Notes of Testimony from Appellant's sentencing hearing indicates that Appellant did not preserve this claim on the record at sentencing. Moreover, as Appellant concedes, he did not preserve this issue by filing a Post-Sentence Motion. Because Appellant failed to preserve the issue at sentencing or in a post-sentence motion, he has waived it.

In his second issue, Appellant claims that the trial court erred in denying his Motion to Compel the Identity of Confidential Informant. Appellant's Brief at 13-14.

Our standard of review of claims that a trial court erred in its disposition of a request for disclosure of a CI's identity is confined to abuse of discretion. ***Commonwealth v. Watson***, 69 A.3d 605, 607 (Pa. Super. 2013) (citation omitted). Pursuant to Pennsylvania Rule of Criminal Procedure 573, a trial court has the discretion to require the Commonwealth to reveal the names and addresses of all eyewitnesses, including confidential informants, where a defendant makes a showing of material need and reasonableness. ***Commonwealth v. Marsh***, 997 A.2d 318, 321-22 (Pa. 2010) (citing Pa.R.Crim.P. 573(B)(2)(a)(i)).

Pennsylvania Rule of Criminal Procedure 573 provides, in relevant part, as follows:

> (a) In all court cases, except as otherwise provided in Rule 230 (Disclosure of Testimony Before Investigating Grand Jury) . . . , if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:
>
> (i) the names and addresses of eyewitnesses. . . .

Pa.R.Crim.P. 573(B)(2)(a)(i).

Our Supreme Court has stated that it "has repeatedly recognized the importance of the Commonwealth's qualified privilege to maintain the confidentiality of an informant in order to preserve the public's interest in

- 8 -

effective law enforcement." ***Marsh***, 997 A.2d at 324 (citation and internal quotation marks omitted). The Supreme Court noted that the safety of the CI is a controlling factor in determining whether to reveal his identity. ***Id.*** "[Appellant] need not predict exactly what the CI will say, but he must demonstrate a reasonable possibility the CI could give evidence that would exonerate him." ***Commonwealth v. Belenky***, 777 A.2d 483, 488 (Pa. Super. 2001). Appellant must establish more than a mere assertion that disclosure of the CI's identity "might be helpful." ***Id.***

We have stated there is no fixed rule with respect to when disclosure of a confidential informant's identity is justified, noting:

> The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

***Id.*** (citation omitted).

Appellant argues that the trial court erred in refusing to compel the Commonwealth to disclose the CI's identity because: (1) "the CI might have had information helpful to [Appellant's] case;" (2) the CI's "credibility and reliability are directly at issue;" (3), Appellant wanted to call the CI as a trial witness; and (4) the Commonwealth "failed to establish that the disclosure of the identity of the [CI] would pose a threat to his or her safety." Appellant's Brief at 13-14. Appellant also alleges that the CI was "the only witness who

- 9 -

establishes any evidence of any illegal conduct," and, as a witness to "the event," could potentially implicate or exonerate Appellant. *Id.*

The trial court explained its decision to deny Appellant's Motion to Compel the Identity of Confidential Informant as follows:

> We know from the testimony provided by Officer McGowan and [Office] Ishman that the information provided by the [CI] was reliable. First, [Officer] Ishman testified that this informant is someone who [he] had worked with regularly,[for] approximately a year and a half to two years prior to the incident. Second, he indicated that the tips provided by the [CI] in 2017 resulted in 17 arrests and two convictions. In 2018, he stated that there had been four arrests based on the informant's tips. Third, he indicated that he is in contact with the informant daily either through text or phone call. For that specific requirement, we do not believe that the defense has proven the materiality requirement.
>
> ***
>
> Here, we know that both Officer McGowan and [Officer] Ishman testified that the [CI's] safety would be jeopardized by disclosing his identity. Revealing the identity would also pose a serious risk to the success of other investigations as well. As such we do not believe that the defense has met the threshold requirement of materiality.

Trial Ct. Op., 11/18/19, at 9.

We agree with the trial court that the Commonwealth demonstrated that revealing the CI's identity would put the CI's safety at risk. Moreover, we note that Appellant has failed argue, let alone prove, that there is at least a reasonable possibility that the CI's testimony would exonerate him. Rather, Appellant has asserted only that "the CI **might** have had information helpful to [Appellant's] case" and that the CI's testimony "could potentially **implicate or exonerate** Appellant." Appellant's Brief at 13-14. In light of Appellant's

- 10 -

failure to demonstrate the materiality of the CI's identity, the trial court did not abuse its discretion in denying his Motion to Compel.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2019